UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RONNIE HOWARD SR.**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO.  16-17273**

**DARRELL VANNOY, WARDEN**                         **SECTION "B"(2)**

**STAY ORDER AND REASONS ON MOTION**

The petitioner, Ronnie Howard Sr., filed this petition for federal habeas relief under 28 U.S.C. § 2254 related to his 2014 Terrebonne Parish conviction for aggravated rape for which he is serving a life sentence.  Howard also filed a motion to stay these proceedings while he exhausts review of his claims in the state courts.[1]  In the motion, Howard contends that he filed the Section 2254 petition as a protective measure pending resolution of his post-conviction writ application currently pending in the Louisiana Supreme Court in No. 16-KH-1761 and to interrupt the statute of limitations applicable to federal habeas relief.

Howard's petition asserts seven grounds for relief:[2] (1) He received ineffective assistance of trial counsel. (2) He received ineffective assistance of appellate counsel. (3) The state trial court erred in exempting the victim's mother from the sequestration order. (4) The state trial court erred by denying the defense motion for mistrial. (5) The evidence was insufficient to support the verdict. (6) The state trial court erred by denying

---

[1] Rec. Doc. No. 2.

[2] Rec. Doc. No. 1.

the motion for new trial. (7) The state trial court was without jurisdiction to commence trial beyond the prescriptive period allowed under state law.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). As Howard recognizes, he has not completed exhaustion of state court review on all of his claims.

Howard's third claim addressing the sequestration order was addressed on direct appeal and review was exhausted through the Louisiana Supreme Court.[3] Howard reasserted that claim along with his other six claims on post-conviction review. His post-conviction writ application is pending in Louisiana Supreme Court.[4] This case, which includes both exhausted and unexhausted claims, is therefore a "mixed petition," subject to dismissal for that reason. Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at

---

[3]State ex rel. Howard v. State, 191 So.3d 583 (La. 2016); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2015-KH-0761, 4/8/16; 1st Cir. Opinion, 2014-KA-1048, 3/9/15.

[4]Contrary to the representation in the State's response (Rec. Doc. No. 7), a member of my staff confirmed on July 21, 2017, with the clerk's office of the Louisiana Supreme Court that Howard's writ application is pending.

420); see also, Pliler v. Ford, 542 U.S. 225, 233 (2004) (citing Rose, 455 U.S. at 510). In Pliler, however, the Supreme Court also addressed the availability of a stay-and-abeyance in connection with "mixed petitions" for habeas relief containing both exhausted and unexhausted claims. Id., 542 U.S. at 227. The Court has held that it is sometimes appropriate for a federal district court to stay federal habeas corpus proceedings in order to allow a petitioner to present his unexhausted claims to the state courts. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court also expressly sanctions the filing of protective federal habeas corpus petitions and accompanying motions to stay to allow for complete exhaustion and protect the petitioner's right to federal review. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).

The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id. at 277 (emphasis added). Stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." Id. Howard presents as good cause for his failure to exhaust his desire to file a federal petition to protect or interrupt the federal statute of limitations.[5] The record demonstrates that Howard is not engaged in abusive litigation tactics or intentionally delaying resolution of his federal claims. His

---

[5] Howard sought state post-conviction review immediately after his direct appeal. He has had pending state post-conviction review since that time and it appears he is in no danger of having the one-year federal filing deadline under Section 2244 expire with statutory tolling applied.

claims broadly construed are not so plainly meritless that a court should forego the complete state review which he has diligently pursued. In addition, the State has not filed an opposition to Howard's motion to stay and will not be prejudiced by a brief delay in the resolution of Howard's federal claims. A stay is appropriate under these circumstances. Accordingly,

**IT IS ORDERED** that Howard's **Motion to Stay (Rec. Doc. No. 2)** is **GRANTED** and the Clerk of Court is directed to **STAY AND CLOSE** this case for all statistical and administrative purposes.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction in this matter and the petitioner, Ronnie Howard Sr., must file a motion to reopen these proceedings within sixty (60) days after the Louisiana Supreme Court rules on Writ Application No. 16-KH-1761.

New Orleans, Louisiana, this ____24th____ day of July, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. IVAN L.R. LEMELLE**