## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RONNIE HOWARD SR.**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO.  16-17273**

**DARRELL VANNOY, WARDEN**                        **SECTION "B"(2)**


## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The petitioner, Ronnie Howard Sr., is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On December 14, 2011, Howard was indicted by a

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 1.

Terrebonne Parish grand jury for the aggravated rape of J.V., a juvenile.[3]  The Louisiana

First Circuit Court of Appeal summarized the facts determined at trial as follows:

> In 1995, J.V. (the victim) moved in to his great-grandmother's home in Houma, Louisiana.  Also living at the home were his great aunt, her husband (defendant), and their three children.  J.V. lived in the home for the entirety of his kindergarten school year while his mother attended nursing school in Baton Rouge, Louisiana.
>
> On multiple occasions throughout J.V.'s stay at the Houma house, defendant would summon him into the bathroom and lock the door.  The defendant would use a wet towel to wipe J.V.'s anus area.  After wiping J.V., defendant would put a condom onto his own penis and place J.V. on his lap.  At that point, he would use his penis to penetrate J.V.'s anus.  During this process, defendant held his hand over J.V.'s mouth and told him to be quiet.
>
> In 1999, another incident of sexual abuse occurred between defendant and the victim.  On this occasion, J.V. was at defendant's house playing with his cousins.  In the course of their play, J.V. and his cousins broke a window.  That night, J.V. slept over at the house.  The following day, J.V. and his cousins were again playing outside when defendant called J.V. into the home.  J.V. found defendant in the bedroom, where defendant proceeded to lock the door.  Defendant told J.V. that he owed him for breaking his window and asked if J.V. remembered what they used to do.  Defendant forced J.V. to turn around against the bed, again used a wet towel to wipe J.V.'s anus, and forcefully engaged in anal sex with J.V.
>
> J.V. eventually reported the abuse to his mother after she discovered pornography on their shared computer.  J.V. participated in counseling for several months before he eventually decided to report the abuse to the police.

(footnote omitted) <u>State v. Howard</u>, No. 2014-KA-1048, 2015 WL 1019513, at *1 (La.

App. 1st Cir. Mar. 9, 2015) (unpublished); State Record Volume 2 of 3, Louisiana First

Circuit Opinion, 2014-KA-1048, pages 2-3, March 9, 2015.

---

[3]St. Rec. Vol. 2 of 3, Indictment, 12/14/11; Grand Jury Return, 12/14/11.  In accordance with La. Rev. Stat. § 46:1844(W), the state courts referred to the minor victim of a sex crime by his initials.  This court will do the same.

Howard was tried before a jury on May 12 through 15, 2014, and found guilty as charged.[4]  On June 12, 2014, the state trial court denied Howard's motion for a new trial based on alleged problems with jurors.[5]  After waiver of legal delays, the court sentenced Howard to life in prison without benefit of parole, probation or suspension of sentence.[6]

On direct appeal to the Louisiana First Circuit, appointed counsel asserted a single claim that the victim's mother should not have been exempted from the witness sequestration order, because J.V. was 19 years old at the time of trial.[7]  On March 9, 2015, the court affirmed the conviction and sentence, finding no merit in the claim.[8]

The Louisiana Supreme Court denied Howard's related writ application on April 8, 2016, without stated reasons.[9]  His conviction became final ninety (90) days later on July 8, 2016, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari

---

[4]St. Rec. Vol. 2 of 3, Trial Minutes, 5/12/14; Trial Minutes, 5/13/14; Trial Minutes, 5/14/14; Trial Minutes, 5/15/14; Jury Verdict, 5/15/14; Trial Transcript, 5/12/14; Trial Transcript, 5/13/14; St. Rec. Vol. 3 of 3, Trial Transcript Part 2, 5/13/14; Trial Transcript, 5/14/14; Trial Transcript Part 2, 5/14/14; Trial Transcript, 5/15/14; Trial Transcript Part 2, 5/15/14.

[5]St. Rec. Vol. 2 of 3, Sentencing Minutes, 6/12/14; Motion for New Trial, 6/12/14; St. Rec. Vol. 3 of 3, Sentencing Transcript, 6/12/14.

[6]Id.

[7]St. Rec. Vol. 2 of 3, Appeal Brief, 2014-KA-1048, 9/19/14.

[8]Howard, 2015 WL 1019513, at *1; St. Rec. Vol. 2 of 3, 1st Cir. Opinion, 2014-KA-1048, 3/9/15.

[9]State v. Howard, 191 So.3d 583 (La. 2016); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2015-KH-0761, 4/8/16; St. Rec. Vol. 2 of 3, La. S. Ct. Letter, 2015-KH-761, 4/16/15 (showing postmark 4/14/15). The State failed to produce a copy of this writ application.

with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

In the meantime, on April 19, 2016, Howard signed and submitted to the state trial court an application for post-conviction relief in which he asserted the following grounds for relief:[10] (1) He received ineffective assistance of counsel when his trial counsel failed to (a) develop a pretrial strategy, conduct pretrial investigation and file pretrial motions, (b) challenge the indictment and raise the issue of untimely prosecution, (c) obtain a medical analysis to refute the charges, and (d) effectively cross-examine the State's witnesses. (2) He was denied effective assistance of counsel when appellate counsel failed to assert ineffective assistance of trial counsel and challenge the sufficiency of the evidence. (3) The state trial court erred in exempting the victim's mother from the witness sequestration order. (4) The state trial court erred in denying the motion for mistrial based on multiple problems with jurors. (5) The evidence at trial was insufficient. (6) The state trial court erred in denying the motion for new trial based on the juror issues. (7) The state trial court was without jurisdiction to commence trial because the statutory prescriptive period had expired.

On June 22, 2016, the state trial court denied the application finding no ineffective assistance of counsel at trial or on appeal under Strickland v. Washington, 466 U.S. 688

---

[10]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, dated 4/19/16.

4

(1984) and related state law.[11]  The court declined to consider the third claim related to the sequestration order, because the substance of the claim had been fully litigated on direct appeal, citing La. Code Crim. P. art. 930.4(A).  The court found review of the fourth, fifth and sixth claims barred under La. Code Crim. P. art. 930.4(C), because Howard inexcusably failed to assert the claims on direct appeal.  The court also found that the seventh claim of prescription was barred from post-conviction review as untimely under La. Code Crim. P. art. 930.4(B).

On September 6, 2016, the Louisiana First Circuit denied Howard's writ application without stated reasons.[12]  On November 28, 2017, the Louisiana Supreme Court denied Howard's related writ application, finding that Howard failed to show that he received ineffective assistance of counsel under Strickland, and that the other claims were not subject to post-conviction review, citing La. Code Crim. P. art. 930.4.[13]

II.    FEDERAL HABEAS PETITION

On December 9, 2016, the clerk of this court filed Howard's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[14] (1) He

---

[11]St. Rec. Vol. 2 of 3, Trial Court Judgment, 6/22/16; Reasons for Judgment, 6/22/16.

[12]St. Rec. Vol. 2 of 3, 1st Cir. Order, 2016-KW-0971, 9/6/16; St. Rec. Vol. 1 of 3, 1st Cir. Writ Application, 2016-KW-0971, dated 7/11/16.

[13]State ex rel. Howard v. State, 230 So.3d 203 (La. 2017); St. Rec. Vol. 1 of 3, La. S. Ct. Writ Application, 16-KH-1761, 9/26/16 (dated 9/16/16).

[14]Rec. Doc. No. 1.

received ineffective assistance of counsel when his trial counsel failed to consult with him, effectively investigate the facts and present a viable defense in light of the insufficient evidence. (2) He was denied effective assistance of counsel when appellate counsel failed to assert claims regarding insufficient evidence, time-barred prosecution and prejudicial juror problems. (3) The state trial court erred in exempting the victim's mother from the witness sequestration order. (4) The state trial court erred in denying the motion for mistrial based on the multiple juror issues. (5) The evidence at trial was insufficient. (6) The state trial court erred in denying the motion for new trial based on the juror issues.  (7) The state trial court erred in commencing trial after the limitations period expired.

The State filed a response in opposition to Howard's petition asserting that he has failed to establish entitlement to relief and that the claims are barred from review in this court as procedurally defaulted in part because they were dismissed based on independent and adequate state law grounds.[15]

On July 24, 2017, this court granted Howard's motion to stay proceedings to allow him to complete exhaustion of state court review.[16]  At the time he filed this federal petition, his post-conviction writ application was pending before the Louisiana Supreme

---

[15]Rec. Doc. No. 7.

[16]Rec. Doc. No. 10, 2.

Court.  After receiving the supreme court's November 28, 2017, ruling, Howard moved to reopen his federal case, and the motion was granted.[17]

### III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Howard's petition, which, for reasons discussed below, is deemed filed in a federal court on November 14, 2016.[19]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state

---

[17]Rec. Doc. No. 12.

[18]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk filed Howard's petition on December 9, 2016, when it was received with the filing fee.  Howard dated his signature on November 14, 2016, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to a federal court.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes that Howard's federal petition was timely filed, and he has now exhausted state court review.  The State asserts in its opposition response that several of Howard's claims were denied based on independent and adequate state law, and a federal habeas court may not consider claims rejected on these grounds.[20]  This appears to be the State's attempt to assert the defense of procedural default.  Certainly, the State has not expressly waived procedural default and apparently intended to assert the defense as to the several claims to which procedural bars were imposed by the state courts.  The record clearly establishes that Howard's fourth, fifth, sixth and seventh claims are in procedural default based on state court imposed procedural bars.  The United States Fifth Circuit has held that when there is no express waiver, the district court may, in its discretion, raise these affirmative defenses sua sponte.  Prieto v. Quarterman, 456 F.3d 511, 518 (5th Cir. 2006) (citing Magouirk v. Phillips, 144 F.3d 348, 360 (5th Cir. 1998)) (addressing procedural default); Day v. McDonough, 547 U.S. 198, 209-10 (2006) (addressing limitations).  When the court exercises its discretion to do so sua sponte, it must assure that the petitioner has notice that the issue is being considered.  Fisher v. Texas, 169 F.3d 295, 301 (5th Cir.1999); Magouirk, 144 F.3d at 358.  Therefore, I hereby give Howard express notice that the court is considering the

---

[20]See Rec. Doc. No. 7, pp. 8, 10.

issue of procedural default to whatever extent, if any, it is not already clearly asserted by the State.  Fisher, 169 F.3d at 301; Magouirk, 144 F.3d at 358.  Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**.  Magouirk, 144 F.3d at 348.

For the reasons that follow, Howard's fourth, fifth, sixth and seventh claims should be dismissed with prejudice, because they are procedurally defaulted.

IV.    PROCEDURAL DEFAULT (CLAIMS NO. 4, 5, 6 & 7)

In his federal habeas petition, Howard asserts among his other claims that the state trial court erred by denying his motions for mistrial and for new trial based on juror issues, the evidence was insufficient to support the verdict and the limitations period for prosecution expired before trial.  On post-conviction review, the state trial court declined to consider the claims because they could have been asserted on direct appeal but were not, citing La. Code Crim. P. art. 930.4(C), and because the prescriptive period claim was not asserted before trial, citing La. Code Crim. P. art. 930.4(B).  The application of Article 930.4 to Howard's claims was reiterated by the Louisiana Supreme Court in its decision addressing the same claims.

I note that the state courts also barred post-conviction review of Howard's third claim, which asserted a sequestration order violation, pursuant to La. Code Crim. P. art.

930.4(A). However, the bar under Article 930.4(A) is not the kind of procedural bar that would prevent this federal habeas court from reviewing the claim. The bar instead precludes Louisiana courts from review of a post-conviction claim already "fully litigated" on direct appeal. Bennett v. Whitley, 41 F.3d 1581 (5th Cir. 1994). The presumption is that the claims were not new or different from something previously litigated and resolved on appeal by the higher state courts. Id. at 1583. As a result, "the bar imposed by article 930.4(A) is not a procedural bar in the traditional sense, nor is it a decision on the merits." Id. A federal habeas court simply "look[s]-through" the ruling on collateral review and considers the findings and reasons in the direct appeal where the claims were first litigated. Id. at 1582-83. For this reason, this federal habeas court is not barred from reviewing Howard's third claim, which was addressed on the merits on direct appeal.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 & n.10 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

10

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. <u>Harris</u>, 489 U.S. at 263; <u>Glover</u>, 128 F.3d at 902. The procedural bar also prevails over any alternative discussion of the merits of the claim by a state court. See <u>Robinson v. Louisiana</u>, 606 F. App'x 199, 203-04 (5th Cir. 2015) (citing <u>Woodfox v. Cain</u>, 609 F.3d 774, 796 (5th Cir. 2010)). In this case, the procedural rules cited by the Louisiana courts bar review of Howard's federal habeas claims.

A.    <u>INDEPENDENT AND ADEQUATE</u>

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. <u>Amos</u>, 61 F.3d at 338. The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." <u>Fisher</u>, 169 F.3d at 300.

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. <u>Walker v. Martin</u>, 562 U.S. 307, 316-17 (2011); <u>Glover</u>, 128 F.3d at 902. A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may

permit consideration of a federal claim in some cases but not others." (citation omitted)
Beard v. Kindler, 558 U.S. 53, 60-61 (2009).  The question of the adequacy of a state
procedural bar is itself a federal question.  Beard, 558 U.S. at 60 (citing Lee v. Kemna,
534 U.S. 362, 375 (2002)).

The Louisiana courts relied on La. Code Crim. P. art. 930.4(B) and (C) to bar
review of Howard's fourth, fifth, sixth and seventh claims.  Both articles prevent review
of claims available to a defendant but inexcusably not asserted at trial or on direct appeal.
The provisions of Article 930.4(B) and (C) are independent and adequate to bar federal
review of four of Howard's claims.  Bennett, 41 F.3d at 1581 (Article 930.4 is an
independent and adequate state procedural rule); Johnson v. Cain, No. 12-0621, 2012
WL 5363327, at *4 (E.D. La. Oct. 30, 2012)  (Lemelle, J.) (Article 930.4(C)); Perez v.
Cain, No. 12-1331, 2012 WL 4815611, at *1 (E.D. La. Oct. 10, 2012) (Barbier, J.)
(Article 930.4(C)); Thomas v. Cain, No. 11-2103, 2012 WL 1885088, at *4 (E.D. La.
May 23, 2012) (Lemelle, J.) (Article 930.4(B)); Simmons v. Cain, No. 06-2130, 2008
WL 2185422, at *6 (E.D. La. May 20, 2008) (Berrigan, J.) (Article 930.4(B) and (C));
Washington v. Cain, No. 98-0584, 2000 WL 863980 (E.D. La. June 27, 2000)
(Duplantier, J.) (Article 930.4(B)); see also, Harris, 489 U.S. at 263; Glover, 128 F.3d
at 902.

The state courts' rulings were based on Louisiana law establishing procedural
requirements for the presentation of post-conviction claims.  See Fisher, 169 F.3d at 300

12

(state courts' clear reliance on state procedural rule is determinative of the issue). The state courts' reasons for dismissal of Howard's claims were therefore independent of federal law and adequate to bar review of his claims in this federal habeas court.

B.    CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice" attributed it to, or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Fisher, 169 F.3d at 301 (citing Magouirk, 144 F.3d at 359); Coleman, 501 U.S. at 748-50); Amos, 61 F.3d at 338-39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. Id. at 486.

Howard has not offered any cause for his default that would excuse the procedural bar imposed by the Louisiana courts. The record does not support a finding that any factor external to the defense prevented petitioner from asserting these claims in a procedurally proper manner. The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

13

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474, 477 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").  When the petitioner has not adequately asserted his actual innocence, his procedural

14

default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903. Howard presents no argument and the record contains nothing suggesting his actual innocence on the underlying conviction.

For these reasons, Howard has failed to overcome the procedural bar to review of his fourth, fifth, sixth and seventh claims in this federal court. These claims must be dismissed with prejudice as procedurally defaulted.

V.    STANDARDS OF A MERITS REVIEW OF THE REMAINING CLAIMS

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state

court's decision "'was contrary to, or involved an unreasonable application of, clearly

established [Supreme Court precedent.]'" (brackets in original)  Penry v. Johnson, 215

F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th

Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds,

532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has

clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ
> if the state court arrives at a conclusion opposite to that reached by this
> Court on a question of law or if the state court decides a case differently
> than this Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000); Penry, 532 U.S. 782, 792-93 (2001)

(citing Williams, 529 U.S. at 405-06, 407-08); Hill, 210 F.3d at 485.  The "critical point"

in determining the Supreme Court rule to be applied "is that relief is available under §

2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly

established rule applies to a given set of facts that there could be no 'fairminded

disagreement' on the question." (citation omitted)  White v. Woodall, 134 S. Ct. 1697,

1706-07 (2014) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011) and Knowles v.

Mirzayance, 556 U.S. 111, 122 (2009)).  "Thus, 'if a habeas court must extend a rationale

before it can apply to the facts at hand,' then by definition the rationale was not 'clearly

established at the time of the state-court decision.'" <u>White</u>, 134 S. Ct. at 1706 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 666 (2004)).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" (citation omitted, brackets in original) <u>Price v. Vincent</u>, 538 U.S. 634, 641 (2003) (quoting <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002) and <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002)).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." <u>Neal v. Puckett</u>, 286 F.3d 230, 246 (5th Cir. 2002), <u>cert. denied</u>, <u>sub nom</u>, <u>Neal v. Epps</u>, 537 U.S. 1104 (2003).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  <u>Price</u>, 538 U.S. at 641 (quoting <u>Woodford</u>, 537 U.S. at 24-25); <u>Wright v. Quarterman</u>, 470 F.3d 581, 585 (5th Cir. 2006).

VI.    <u>EFFECTIVE ASSISTANCE OF COUNSEL (CLAIMS NO. 1, 2)</u>

Howard asserts that his trial counsel provided ineffective assistance when he failed to investigate the case and present a viable defense or adequately challenge the State's case.  He also alleges that his appellate counsel was ineffective when counsel failed to assert challenges on appeal to the sufficiency of the evidence, the allegedly time-barred prosecution and the juror issues.

17

Howard asserted these claims on post-conviction review in the state courts. In addressing his claims of ineffective assistance, the Louisiana Supreme Court denied relief under the Strickland standards.

In Strickland, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. Strickland, 466 U.S. at 687. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 892-93. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" (citation omitted) Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693); Harrington, 562 U.S. at 112 (Strickland requires a "substantial" likelihood of a different result, not just "conceivable" one.)

18

On habeas review, the United States Supreme Court has clarified that, under Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). The Harrington Court went on to recognize the high level of deference owed to a state court's findings under Strickland in light of the AEDPA:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

(citations omitted) Harrington, 562 U.S. at 105.

Thus, scrutiny of counsel's performance under § 2254(d) is "doubly deferential." Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (quoting Knowles, 556 U.S. at 123). This court must therefore apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Federal habeas courts presume that litigation strategy is objectively reasonable unless clearly proven otherwise by the petitioner. Id., 466 U.S. at 689; Geiger v. Cain, 540 F.3d 303, 309 (5th Cir. 2008); Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999).

19

In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial.  Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227 F.3d 273, 282-83 (5th Cir. 2000), cert. denied, 531 U.S. 1167 (2001).  Tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance.  Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997) and Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

The issue of ineffective assistance of counsel is a mixed question of law and fact. Clark v. Thaler, 673 F.3d 410, 416 (5th Cir. 2012); Woodfox, 609 F.3d at 789.  Thus, under the AEDPA, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

A.    Trial Counsel

Howard claims that his trial counsel's performance was deficient because he failed properly to investigate and challenge the State's case against him.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." (quotation omitted, emphasis added) Druery v. Thaler, 647 F.3d 535, 541 (5th Cir.

2011); accord Moawad v. Anderson, 143 F.3d 942, 948 (5th Cir. 1998).  A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown.  Diaz v. Quarterman, 239 F. App'x 886, 890 (5th Cir. 2007) (some evidence is required to show that "the decision reached would reasonably likely have been different.") (quoting Strickland, 466 U.S. at 696).  To prevail on such a claim, petitioner must provide factual support showing what exculpatory evidence further investigation would have revealed.  See Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Moawad, 143 F.3d at 948; Davis v. Cain, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008).

The voluminous trial transcript in this case reflects that Howard's counsel was well prepared for trial and more than adequately questioned and cross-examined the witnesses in an effort to challenge the incidents of abuse that occurred more than a decade before trial.  As Howard himself concedes, his counsel called family members as witnesses in an attempt to establish that the events did not or could not have happened as the victim recalled.  With the time that passed between the rapes and the trial, counsel could not reasonably have been expected to unearth medical or other physical evidence to disprove that the rapes occurred.  "[T]he Sixth Amendment does not require that counsel do what is impossible or unethical.  If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade."  United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).  Furthermore,

"[i]f the facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, then the defendant's ineffective assistance claim must fail." Jones v. Jones, 163 F.3d 285, 304 (5th Cir. 1998) (quoting Green v. Lynaugh, 868 F.2d 176, 177 (5th Cir. 1989)). This is true in Howard's case.

In addition, the state courts found that Howard's prosecution and trial were timely under state law.  Howard has not asserted or established that the state court's timeliness calculations or the law they applied were erroneous.  Thus, there was no reason for competent counsel to challenge the commencement of a timely prosecution.  Counsel is not ineffective for failing to urge a meritless motion.  Johnson v. Cockrell, 306 F.3d 249, 255 (5th Cir. 2002) (counsel is not required to make futile motions or frivolous objections); Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections.").

For these reasons, Howard has failed to establish that his trial counsel's performance was deficient or prejudicial under Strickland.  The state courts' denial of relief was not contrary to or an unreasonable application of federal law.  Howard is not entitled to relief on this claim.

B.    Appellate Counsel

Howard alleges that his appellate counsel provided deficient performance because counsel failed to assert claims challenging the sufficiency of the evidence, the timeliness of the prosecution and the various juror problems addressed in the motion for new trial. Relief on these claims was denied in state court post-conviction review under Strickland.

Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. Evitts v. Lucey, 469 U.S. 387, 394 (1985). The Strickland standard for judging performance of counsel also applies to claims of ineffective appellate counsel. Smith v. Robbins, 528 U.S. 259, 285 (2000); Goodwin v. Johnson, 132 F.3d 162, 170 (5th Cir. 1997).

To prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue on appeal but for his counsel's deficient representation. Briseno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); Smith, 528 U.S. at 285-86. Effective appellate counsel are not required to assert every non-frivolous available ground for appeal. Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998) (citing Evitts, 469 U.S. at 394). On the contrary, the United States Supreme Court has long recognized that appellate counsel filing a merits brief need not and should not argue every non-frivolous claim; instead, appellate counsel may legitimately select from among them in the exercise of

23

professional judgment to maximize the likelihood of success on appeal. <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983). Appellate counsel has discretion to exclude even a non-frivolous issue if that issue was unlikely to prevail. <u>See</u> <u>Anderson v. Quarterman</u>, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal . . . lack merit. As such, failure to raise these issues did not prejudice Anderson."); <u>Penson v. Ohio</u>, 488 U.S. 75, 83-84 (1988) (noting that courts have refused to find counsel ineffective when the proposed appellate issues are meritless); <u>Kossie v. Thaler</u>, 423 F. App'x 434, 437 (5th Cir. 2011) (recognizing the Supreme Court's basic rule that the presumption that appellate counsel was effective will be overcome only when the unasserted claims are stronger than those that were in fact raised). Thus, because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be found constitutionally ineffective for failure to raise every conceivable issue. <u>Smith</u>, 528 U.S. at 288; <u>Jones</u>, 463 U.S. at 754.

Howard has not established that his appellate counsel was deficient in any of the ways defined by the precedent above. His counsel was not obligated to argue every possible claim and certainly was not required to assert baseless claims. Howard has not established that his prosecution was untimely under state law, and counsel had no reason to urge such a claim. His claim of problems with several jurors were addressed multiple times in hearings before the state trial court. Appellate counsel had the benefit of those

transcripts, argument and the state trial court's reasons to assist in her decision not to re-urge the meritless claim on appeal.

Howard has made only cursory assertions that the evidence was not sufficient to support the verdict, which does not demonstrate a need for that claim to have been asserted on appeal.  Under Louisiana law at the time, to prove aggravated rape of a child under 12 years old, the State had to prove: (1) anal or vaginal penetration deemed to be without consent of the victim because of (2) the victim's age at the time of the rape. State v. Williams, 950 So.2d 126 (La. App. 2d Cir. 2007); State v. Wright, 690 So.2d 850, 856 (La. App. 3d Cir. 1997).  Moreover, "[a]ny penetration, however slight, ... is sufficient."  State v. Self, 719 So.2d 100, 101 (La. App. 3d Cir. 1998).  This is a general intent crime and the victim's testimony alone is sufficient to establish the fact of penetration.  State v. Maise, 805 So.2d 1141, 1151 (La. 2002); State v. Mitchell, 453 So.2d 1260 (La. App. 3d Cir. 1984).

The victim testified in great detail about the multiple incidents of rape by Howard that occurred throughout the year he lived with his great-grandmother at the age of five.[21] J.V. explained how he told his cousin, Howard's son, about the abuse, but the boy did not believe him.[22]  When Howard found out what J.V. had said to his son, he raped J.V. again

---

[21]St. Rec. Vol. 2 of 3, Trial Transcript, 5/13/14.

[22]Id., at pp. 13-14.

that night and told him no one would believe him.[23]  J.V. also described the incident that occurred when he was nine, when Howard raped him because he "owed" him for a broken window.[24]

This testimony was more than sufficient to establish the required elements of aggravated rape of a juvenile.  The credibility determination was a matter exclusively for the jury to decide as factfinders.  It was reasonable for Howard's appellate counsel to decide not to assert a claim of insufficient evidence in light of the strong and credible testimony given by the victim.

The record and transcripts reveal no errors or grounds for relief that should have been asserted by Howard's counsel on direct appeal in addition to or instead of the single issue raised.  The decision to present the appeal as she did was within counsel's sound and reasonable professional judgment and discretion.  Howard has not established that his counsel was deficient in failing to assert other grounds for relief on direct appeal. The denial of relief on this issue was not contrary to Strickland or Smith.  He is not entitled to relief on this issue.

VII.    STATE TRIAL COURT'S SEQUESTRATION EXEMPTION

Howard alleges that the state trial court erred when it exempted J.V.'s mother from the witness sequestration order.  On direct appeal, the Louisiana First Circuit found no

---

[23]Id., at pp.13-14.

[24]Id., at pp. 16-18.

merit in the claim, because Louisiana's witness sequestration rule, La. Code Evid. art. 615, does not allow for the exclusion of the victim and the victim's family from the courtroom.  This was the last reasoned decision on the claim.  See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (When the last reasoned state court opinion explicitly imposes a procedural bar to a claim, a federal habeas court will presume that later unexplained orders rest upon the same ground); Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning.")

Howard has not presented a cognizable federal claim in connection with his assertion that the state trial court erred in exempting J.V.'s mother from the witness sequestration order.  Violation of a sequestration order is insufficient to raise a claim cognizable on federal habeas review.  Passman v. Blackburn, 652 F.2d 559, 569 (5th Cir.1981) (state court's failure to follow own procedural rules of sequestration of witnesses does not itself raise a federal constitutional question cognizable in habeas corpus); Middleton v. Burkett, No. 04-70693, 2008 WL 4981073, at *6 (E.D. Mich. Nov. 21, 2008) (sequestration of witnesses is not required by the Due Process Clause); Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir. 1988)(same); Mathis v. Wainwright, 351 F.2d 489, 489 (5th Cir. 1965) (the failure to sequester witnesses does not amount to a deprivation of constitutional rights); King v. Elo, No. 98-70882, 2000 WL 791721, at

27

*10 (E.D. Mich. May 25, 2000) (same).  Without a constitutional issue, this federal habeas court has no grounds to consider the claim.

Instead, it is well settled that a federal court's habeas review focuses on due process considerations, and due process requires that the court grant habeas relief only when the errors of the state courts make the underlying proceeding fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  In this case, Howard has identified no error by the state trial court to prompt due process evaluation.

The Louisiana First Circuit found no error by the state trial court when it allowed J.V.'s mother to remain in the courtroom.  The court held that La. Code Evid. art. 615(B)(4) left no discretion and instead prohibited the exclusion of the victim and the victim's family from the courtroom.[25]  This federal court has no grounds to review this state court determination of state law.  See Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir.1994) (federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (federal habeas review does not lie for errors under state law); Hogue, 131 F.3d at 506 (a disagreement as to state law is not cognizable on federal habeas review).

Having failed to identify any error by the state trial court under state law, Howard has not presented a basis for this court to invoke due process considerations.  Howard has

---

[25]Howard, 2015 WL 1019513, at *1-*2; St. Rec. Vol. 2 of 3, 1st Cir. Opinion, 2014-KA-1048, pp. 3-5, 3/9/15.

not established that the state courts' denial of relief was contrary to Supreme Court law. He is not entitled to relief on this claim.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Howard's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[26]

New Orleans, Louisiana, this ____16th____ day of July, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

29