## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNIE HOWARD SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17273** |
| **DARREL VANNOY** | **SECTION: B(2)** |

### ORDER AND REASONS

Petitioner Ronnie Howard Sr. filed a *pro se* petition pursuant to 28 U.S.C § 2254 for a writ of habeas corpus. Rec. Doc. 1. In a Report and Recommendation, Magistrate Judge Wilkinson recommended that the petition be dismissed with prejudice. *See* Rec. Doc. 13. Petitioner timely filed objections to the latter Recommendations, as well as a "supplemental objection". *See* Rec. Doc. 14-15.

For the reasons below, it is **ORDERED** that the Report and Recommendation are **ADOPTED** as the opinion of the court, overruling Petitioner's objections, and dismissing the instant habeas corpus petition.

**FACTS AND PROCEDURAL HISTORY**

Petitioner is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On December 14, 2011, Petitioner was indicted by a Terrebonne Parish grand jury and

charged with aggravated rape of a juvenile male, J.V.[1] *See* St. Rec. Vol. 2 of 3, Indictment, 12/14/11; Grand Jury Return 12/14/11.

**A. State Trial**

On May 15, 2014, a jury found Petitioner guilty of aggravated rape of a juvenile male. *See* St. Rec. Vol. 2 of 3, Trial Minutes; Jury Verdict; Trial Transcript. Petitioner filed a timely motion for a new trial based on alleged problems with jurors. *See* St. Rec. Vol. 2 of 3, Appeal Brief, 2014-KA-1048, 9/19/14. It was denied on June 12, 2014. *See Id.* The court sentenced Petitioner to life in prison without benefits of parole, probation, or suspension of sentence. *See Id.*

Petitioner appealed his sentence to the Louisiana First Circuit, asserting that the victim's mother should not have been exempted from the witness sequestration order because of the victim's age at the time of trial[2]. *See Id.* On March 9, 2015, the First Circuit affirmed the conviction and sentence, finding no merit in the claim. *See State v. Howard*, No. 2014-KA-1048, 2015 WL 1019513, at *1 (La. App. 1st Cir. Mar. 9, 2015)(unpublished); St. Rec. Vol 2. of 3. 1st Cir. Opinion, 2014-KA-1048, 3/9/15.

On April 8, 2016, The Louisiana Supreme Court denied Petitioner's related writ application, without stated reasons.[3]

---

[1] In accordance with La. Rev. Stat. § 46:1844(W), initials are to be used when state courts refer to a minor victim of sex crime. This court will do the same.
[2] The victim, J.V., was 19 years old at the time of trial.
[3] The state failed to produce a copy of this writ application.

*State v. Howard*, 191 So.3d. 583 (La. 2016); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2015-KH-0761, 4/8/16; St. Rec. Vol 2 of 3, La. S. Ct. Letter, 2015-KH-761, 4/16/15 (showing postmark 4/14/15). 90 days after the Louisiana Supreme Court denial, on July 8, 2016, Petitioner's conviction became final due to Petitioner's failure to file a timely writ application with the United States Supreme Court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that the period for filling certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. 2244(1)(1)(A)), *cert. denied.* 529. 529 U.S. 1099(2000); U.S. Sup. Ct. Rule 13(1).

**B. State Collateral Review**

On April 19, 2016, Petitioner requested post-conviction relief from the state trial court, asserting that: (1) he received ineffective assistance of counsel when his trial counsel failed to (a) develop a pretrial strategy, (b) challenge the indictment and raise the issue of untimely prosecution, (c) obtain a medical analysis to refute the charges, and (d) effectively cross-examine the State's witness; (2) he was denied effective assistance of counsel when appellate counsel failed to (a) assert ineffective assistance of trial counsel and (b) challenge the insufficiency of evidence; (3) the state trial court erred in exempting the victim's mother from the witness sequestration order; (4) the state trial court erred in denying the motion for mistrial based on the

multiple juror issues; (5) the evidence at trial was insufficient; (6) the state trial court erred in denying the motion for new trial based on the juror issues; (7) the state trial court was without jurisdiction to commence trial because the statutory prescriptive period had expired. *See* Rec. Doc. 13.

On June 22, 2016, the state trial court denied the application. *See* St. Rec. Vol. 2 of 3, Trial Court Judgment, 6/22/16. Regarding Petitioner's first two claims, the state trial court found that under *Strickland v. Washington*, 466 U.S. 688 (1984) and related state law, there was no ineffective assistance of counsel at trial or on appeal. St. Rec. Vol. 2 of 3, Trial Court Judgment, 6/22/16; Reasons for Judgment, 6/22/16. The court declined to consider the third claim regarding the sequestration order exemption because the substance of the claim had been fully litigated on direct appeal, citing La. Code Crim. P. art. 930.4(A). *See* Rec. Doc. 13. The court found review of the fourth, fifth and sixth claims barred under La. Code Crim. P. art. 930.4(C) because Petitioner failed to assert the claims on direct appeal. *See* Rec. Doc. 13. The court also found that the seventh claim of prescription was barred from post-conviction review as untimely under La. Code Crim. P. art. 930.4(B). Rec. Doc. 13.

**C. Petition for Federal Habeas Corpus Relief**

On December 9, 2016 Petitioner filed the instant petition for federal habeas corpus relief. *See* Rec. Doc. 1. Petitioner's habeas allegations are as follows:

1) He received ineffective assistance of counsel when his trial counsel failed to consult with him, effectively investigate the facts and present a viable defense in light of insufficient evidence;

2) He was denied effective assistance of counsel when appellate counsel failed to assert claims regarding insufficient evidence, time-barred prosecution and prejudicial juror problems;

3) The state trial court erred in exempting the victim's mother from the witness sequestration order;

4) The state trial court erred in denying the motion for mistrial based on multiple juror issues;

5) The evidence at trial was insufficient;

6) The state trial court erred in denying the motion for new trial based on the juror issues; and

7) The state trial court erred in commencing trial after the limitations period expired. *See* Rec. Doc. 1.

The State filed a response in opposition to the Petition, arguing that Petitioner failed to establish entitlement to relief and that the claims are barred from review in this court as procedurally defaulted in part because they were dismissed based

on independent and adequate state law grounds. *See* Rec. Doc. 7; Rec. Doc. 13.

On July 24, 2017, this Court granted Petitioner's motion to stay proceedings to allow him to completely exhaust state court review. Rec. Doc. No. 10, 2. At the time he filed this federal petition, his post-conviction writ application was pending before the Louisiana Supreme Court. See Rec. Doc. 13. After receiving the Louisiana Supreme Court's November 28, 2017 ruling, Petitioner moved to reopen his federal case and that motion was granted. *See* Rec. Doc. 13.

**PETITIONER'S OBJECTIONS**

On July 26, 2018, Petitioner filed his initial objection to the Magistrate's Report and Recommendation. In his objection, Petitioner argues that the following grounds justify relief:

(1) the state failed to produce a copy of his Writ Application;

(2) the state court failed to provide reasoning for denial;

(3) there was a fundamental miscarriage of justice because the state courts failed to give petitioner an evidentiary hearing to establish petitioner's innocence;

(4) ineffective assistance of both trial and appellate counsel;

(5) Petitioner's persistent contention of actual innocence;

(6) a list of cases that Petitioner feels evidence his position; and

(7) that the State Courts never adjudicated the Claims on their merits. *See* Rec. Doc. 14.

On September 26, 2018, Petitioner filed his supplemental objection to the Magistrate's Report and Recommendation. Rec. Doc. 15. Petitioner's supplemental objections center upon procedural bar issues. *Id*. Specifically, Petitioner argues that his claims (4), (5), (6) and (7) procedurally defaulted because he received ineffective assistance of counsel. *Id*.

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA) controls this Court's review of a § 2254 petition. The threshold questions in a habeas review are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254 (b), (c)). Accordingly, a petitioner must have exhausted state court remedies and their claims must not be in "procedural default." *Id*.

When considering a pure question of fact, the Court presumes factual findings to be correct and defers to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding." 28 U.S.C. § 2254(d)(2) – (e)(1) (requiring "clear and convincing evidence" to rebut that presumption).

When considering a pure question of law or a mixed question of fact and law, the Court defers to the state court's decision unless it was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 § 2254(d)(1). Under the "unreasonable application" standard, the only question is "whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 246 (5th Cir. 2002).

**DISCUSSION**

### A. Procedural Default

The State contends that four of Petitioner's claims are in procedural default. (1) The state trial court erred in denying the motion for mistrial based on the multiple juror issues. (2) The evidence at trial was insufficient. (3) The state trial court erred in denying the motion for new trial based on the juror issues. (4) The state trial court erred in commencing trial after the limitations period expired.

On post-conviction review, the state trial court declined to consider the claims because they could have been asserted on direct appeal but were not, citing La. Code Crim. P. art. 930.4(C), and because the prescriptive period claim was not asserted before trial, citing La. Code Crim. P. art. 930.4(B). Rec. Doc. 13. The

Louisiana Supreme Court echoed that application of 930.4 in its decision addressing the claims. St. Rec. Vol 12 of 12, 5th Cir. Order, 15-KH-241, 5/21/15; *State ex rel. Harris v. State*, 193 So. 3d 133 (La. 2016).

1. **<u>Independent and Adequate</u>**

Federal courts will not review a question of federal law in a habeas petition if the state court's decision rests on a state law ground that is both "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). When a state court declines to address petitioner's federal claims because the petitioner failed to comply with a state procedural requirement, the court's judgment "rests on independent and adequate state procedural grounds." *Coleman, 501 U.S.* at 729-30; *see also Cone v. Bell*, 556 U.S. 449, 465 (2009). A federal court can only review such a claim if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

For a state law procedural rule to prevent review by a federal court, the rule must be independent and adequate. *Id.* at 730-732. A procedural rule is "independent" when the state court "clearly and expressly" indicates that it is independent of federal law.

*Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). A procedural bar is "adequate" when it is strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 316-17 (2011); *Glover*, 128 F.3d at 902.

The Louisiana courts relied on La. Code Crim. P. art. 930.4(B) and (C) to bar Petitioner's fourth, fifth, sixth, and seventh claims. Under Article 930.4(B), a court must deny relief when a habeas application alleges a claim which petitioner had knowledge of and failed to raise in the proceedings leading up to the conviction. La. Code Crim. Proc. Art 930.4(B). Under Article 930.4(C), a court must deny relief when a habeas application alleges a claim that petitioner raised in the trial court but inexcusably failed to raise on appeal. La. Code Crim Proc. Art 930.4(C). Rules like Articles 930.4(B) and (C) are meant to bar review by this court because they establish the state procedural requirements for presenting post-conviction relief claims. *See Fischer v. Texas*, 169 F. 3d 295, 300 (5th Cir. 1999) (noting that state courts' clear reliance on state procedural rules is determinative of the issue).

In *Martinez v. Ryan*, involving the crime of sexual contact with a person under the age of 15, the Supreme Court held that a state imposed "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral

proceeding, there was no counsel or counsel in that proceedings was ineffective." 566 U.S. 1, 12 (2012). Here, the record doesn't indicate that the Petitioner had access to counsel during state collateral review. However, that fact is not dispositive of the issues presented here.

### 2. **Cause and Prejudice**

If a federal habeas petitioner can show "cause" for his procedural default and "prejudice" attributed to it, he may be exempt from the procedural default rule. *Fisher*, 169 F.3d at 301; *Coleman*, 501 U.S. at 748-50. To establish cause for procedural default, Petitioner must show that a factor external to the defense hindered his or his counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

Here, Petitioner has not offered any cause for his default that would excuse the procedural bar imposed by the Louisiana courts. The record does not support a finding that any factor external to the defense prevented Petitioner from properly asserting his claims.[4] The record neither supports any

---

[4] While it's not explicitly stated by him, it appears that there is confusion between the writ application to the Louisiana Supreme Court and the United

factor external to the defense, nor any action or inaction by the State which prevented him from properly asserting these claims in the state courts. Failing to show "cause" is fatal to the invocation of the "cause and prejudice" exception. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle v. Isaac*, 456 U.S. 107, 129 (1982). Petitioner has failed to show an objective cause for his default, and has not alleged any basis for actual prejudice. *Ratcliff v. Estelle*, 597 F.2d 474, 477 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### 3. **Fundamental Miscarriage of Justice**

Alternatively, a petitioner is exempt from a procedural bar if a fundamental miscarriage of justice will occur by not reviewing the merits of his claim. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To establish a fundamental miscarriage of justice, Petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; *Glover*, 128 F.3d 900, 902 (5th Cir 1997). A petitioner can satisfy the factual innocence standard by

---

States Supreme Court. Petitioner never explicitly stated it, but to make things clear, the failure to produce a copy of the writ is not cause for default.

12

establishing a fair probability that, in light of all presently available evidence, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see *Nobles*, 127 F.3d at 423 n.33 (finding that the actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). An inadequate assertion of actual innocence will not qualify Petitioner for the fundamental miscarriage of justice exception from procedural default. *Glover*, 128 F. 3d. at 903.

Here, Petitioner argues that "[t]here is/was 'NO' Probative Material Evidence" and notes his "persistent contention... of Actual Innocence." Rec. Doc. 14. Petitioner then cites a long list of cases in his opposition, but presents no analysis. Petitioner's objection includes an attached transcript from trial, of his attorney questioning the lead detective, likely to highlight the evidentiary basis had been a statement from the victim's mother, a statement from the victim, a statement from Petitioner, and some pictures of a house and a mirror in the bathroom. Notably, the transcript also highlights there were no hospital records. The record shows substantial evidence of Petitioner's guilt. No reasonable doubt of guilt has been shown.

13

Petitioner's supplemental objections cites two cases, arguing that a certificate of appealability (COA) should be issued if his habeas petition is denied on procedural grounds without assessing his constitutional claims. Rec. Doc. 15 at 1-2. (citing *Slack v. McDaniel*, 529 U.S. 473, 474) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336). The supplemental objections also seem to correlate the ineffective assistance of counsel and issues at trial, in combination with his persistence of innocence as an argument for an exception to procedural default under the fundamental miscarriage of justice exception. *See* Rec. Doc. 2. Regardless, Petitioner fails to meet the necessary standards of showing his innocence. There is no record support for the fundamental miscarriage of justice claim.

B. **Petitioner Failed to Establish Ineffective Assistance of Counsel**

Petitioner asserts that his trial counsel and appellate counsel provided ineffective assistance. In *Strickland*, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. 466 U.S. Ct. 687.

First, "the defendant must demonstrate that counsel's representation fell below an objective standard of

reasonableness." *Id*. at 687-88. Under this prong and on habeas review, the proper inquiry is whether an attorney's representation would be considered incompetent under prevailing professional norms. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). Second, the defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id.*

Under *Strickland*, there is a strong presumption that counsel's conduct "falls within the wide range of reasonable professional assistance" so that deference is given to counsel's performance. *Id*. at 689. In assessing an attorney's performance, a federal habeas court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the counsel's perspective at the time." *Id.* Tactical decisions, when supported by the circumstances, are "objectively reasonable, and therefore [do] not amount to deficient performance." *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997).

### 1. Trial Counsel

Petitioner claims his trial counsel's performance was deficient because counsel failed to properly investigate and challenge the state's case against petitioner. "A defendant who

15

alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011)(quotation omitted, emphasis added); accord *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir. 1998). A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown. *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir. 2007) - quoting *Strickland*, 466 U.S. at 696 (finding some evidence is required to show that "the decision reached would reasonably likely have been different."). As noted in the R&R, prevailing on such claims requires Petitioner to provide factual support showing what exculpatory evidence further investigation would have revealed. *See Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir. 2005); *Moawad*, 143 F.3d at 948; Davis v. Cain, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008). Without basis to challenge it, the trial transcript illustrates that trial counsel was prepared for trial.

Petitioner's objection notes that his trial counsel, Harold D. Register, has been disbarred for misappropriating clients' funds. Rec. Doc. 14. Petitioner goes on to paint a conspiracy that Register's suspension is illustrative of alleged "tainted representation of petitioner's counsel ineffectiveness...

collusion with prosecution [ADA, Bud Barnes] and, created a Miscarriage of justice, *inter alia*, that rendered the adversarial tribunal fundamentally unfair." Rec. Doc. No. 14. However, beyond the irrelevant period of counsel's suspension, none of the conclusory claims have factual support. Because there is no evidence of a deficient performance and resulting prejudice, Petitioner is not entitled to federal habeas relief on this claim.

1. **Appellate Counsel**

Petitioner also asserts his appellate counsel was ineffective when counsel failed to challenge the sufficiency of evidence, the prosecution's timeliness and juror problems that were addressed in the motion for new trial. The *Strickland* standard for judging performance of trial counsel also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To successfully argue that appellate counsel was constitutionally ineffective, a petitioner must show that his appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that but for his counsel's deficient representation he would have prevailed on this issue on appeal. *Id.* at 285-86. The law does not require appellate counsel to assert every non-frivolous argument on appeal to be an effective, but instead only those arguments that are more likely to succeed. *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).

17

Petitioner will overcome the presumption of effective counsel only when appellate counsel ignores issues which are clearly stronger than those presented. *See Kossie v. Thaler*, 423 F. App'x 434, 437 (5th Cir. 2011) (citing *Robbins*, 528 U.S. at 288).

Here, Petitioner's objection does not provide any specificity regarding appellate counsel, Bertha Hillman.[5] Petitioner's objection does include and reference a trial transcript, arguing the prosecution did not have "substantive material [probative] fact" and highlighting that "[t]here is/was "No" Probative Material Evidence" involved in the case.[6] While Petitioner may feel that Appellate Counsel's decision to not use the transcript and file that claim is indicative of deficient representation, there was no obligation for counsel to argue all of those claims. Appellate counsel had access to transcripts from the trial, including the transcript attached to the objection, as well as the arguments on both sides at trial, as well as the state trial court's reasoning. Petitioner fails to show a non-frivolous appellant argument. There's no indication that the issue appellate counsel ignored is stronger than the ones presented on appeal. Accordingly, Petitioner has not established that appellate counsel's performance was flawed.

C. **State Trial Court's Sequestration Exemption**

---

[5] This was noted as a deficiency in the Magistrate's R&R.
[6] Petitioner specifically cites "Rec. Pg., 741-742, Exhibit B" in referencing his objection's exhibits

Petitioner alleges that the state trial court erred when it exempted the victim's mother from the witness sequestration order. Neither the petition nor objection has presented a cognizable federal claim in connection with his assertion that exempting the victim's mother from the witness sequestration order was a mistake of constitutional proportions. Violation of a sequestration order is insufficient to raise a claim cognizable on federal habeas review. *Passman v. Blackburn*, 652 F.2d 559, 569 (5th Cir. 1981) (holding that a state court's failure to follow its own sequestration of witnesses procedural rules does not itself raise a federal constitutional question cognizable in habeas corpus). Federal courts do not have grounds to consider a habeas claim unless there is a constitutional issue. A federal court's habeas review focuses on due process considerations. Due process requires that the court grant habeas relief only when the errors of the state courts make the underlying proceeding fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner's objections cite five different cases[7], notably with no background information or parenthetical, as examples to support claim (3). See Rec. Doc. 14. The common thread between these cases seems to be that they all refer to due process. None would involve a due process issue, relative to purely

---

[7] *Thompson v. City of Louisville*, 362 U.S. 199 (1960); *In Re Winship,* 397 U.S. 362 (1970); *Jackson v. Virginia*, 443 U.S. 307 (1979); *Bragg v. Norris*, 128 F. Supp. 2d 587 (E.D. Ark. 2000); *Edward v. Carpenter*, 529 U.S. 466 (2000)

state procedural rulings over witness sequestration under state law. Petitioner has not established that the state courts' denial of relief is on opposing grounds to United States Supreme Court law. He is not entitled to relief on this claim.

New Orleans, Louisiana, this 27th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE